No. 23,740.

THE STATE OF KANSAS, ex rel. RICHARD J. HOPKINS, as Attorney-general, *Plaintiff,* v. NORTON A. TURNER, as State Auditor, *Defendant.*

SYLLABUS BY THE COURT.

ABANDONED CHANNELS OF NAVIGABLE STREAMS—*Statute Relating to Sale of and Distribution of Proceeds Void.* The statute of 1921, relating to sale and conveyance, in certain cases, of abandoned channels of navigable streams (Laws 1921, ch. 272), misconceived the effect on title to the bed of the stream of a change of channel, and the provision for distribution of proceeds of sale is void.

Original proceeding in mandamus. Opinion filed May 6, 1922. Writ denied.

*Richard J. Hopkins,* attorney-general, *J. K. Rankin,* and *Dennis Madden,* assistant attorneys-general, for the plaintiff.

*Fred L. Crabbe,* of Topeka, for the defendant.

The opinion of the court was delivered by

BURCH, J.: The action is one to compel the state auditor to sell an abandoned channel of the Kaw river, and to distribute the proceeds according to chapter 272 of the Laws of 1921.

The act is entitled:

"AN ACT relating to the sale, disposition and conveyance, in certain cases, of the abandoned channel of navigable streams in the state of Kansas."

The act provides that, whenever a channel of a navigable stream is so changed that the land between the old bank is abandoned by the water and a new channel is established, the land forming the old channel shall be sold by the auditor, and patented to the purchaser. Sections 2 and 3 read as follows:

"The proceeds arising from the sale of said land shall be applied as follows: First. To the payment of all expenses necessarily incurred in surveying, appraising and selling the same. Second. To pay the respective owners of the land taken by said stream for the new channel, for the value of the land, as fixed by the state auditor, thus taken from them, in the ratio that the land taken by the new channel bears to the selling price of the land sold in the abandoned channel.

"The balance, if any, shall be paid in, to the state treasury to become a part of the common school fund of this state."

The petition states that the Kaw river, a navigable stream, has established itself in a new channel, at a place near St. Marys, and the owners of land taken by the new channel have requested the auditor to execute the statute. The auditor answers that the statute is based on an erroneous assumption of fact respecting what the state owns, and that the provision relating to distribution of proceeds of sale is illegal and void. The auditor is correct in both his contentions.

Before the change of channel occurred, the state owned the bed of the stream. The petition does not tell how the change of channel occurred, whether by gradual and imperceptible relinquishment of one and acquisition of the other, or by sudden and violent irruption of the water, whereby the new channel was cut and the old one deserted. If the change was accomplished by the first method, the state no longer owns the old channel, and has nothing to sell. If the change was accomplished by the second method, the state does not own the new channel, and would get nothing for its money. Assuming the change was caused by flood, the state has full jurisdiction over the river in its present location, for preservation and protection of its public highway character, but the proprietors whose lands were invaded and degraded by the avulsion still own the bed and banks of the stream. (*Fowler v. Wood,* 73 Kan. 511, 529, 85 Pac. 763.)

The brief for the state suggests that the statute is a condemnation statute. Both the title and the body of the act forbid such an interpretation. The statute states that it is supplemental to chapter 322 of the Laws of 1915. That act declared abandoned beds of navi-

gable rivers to be school lands, provided for survey and sale, and provided for placing the proceeds in the school fund. The attorney-general offers no suggestion of public purpose to be promoted by using money which has been regarded as belonging to the school fund, or for that matter, by using any other public money, in buying river beds; the statute does not present a single feature characteristic of a condemnation statute; and the declared purpose is to sell land which the state owns, not by exercise of eminent domain to acquire other land.

The legislature may not make a gift of public money, any more than it may make a gift of public property, for the private benefit of an individual (*Winters v. Myers*, 92 Kan. 414, 140 Pac. 1033), and that would be the result of selecting a few flood sufferers of a special class and reimbursing them for their losses.

The writ is denied.